IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HALEY DARIA,

    Plaintiff,

  v.

SAPIENT INC, *et al.*

    Defendants.

No. C 17-05453 WHA

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING CLAIMS SUA SPONTE**

    Pro se plaintiff Haley Daria moves for appointment of counsel. Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. 1915(e)(1). *Ibid.* To determine whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Ibid.*

    Having reviewed Daria's filings, it is clear that she is not likely to succeed on the merits of her claims. Indeed, by her own admission she has pursued numerous similar claims in state court, which have failed and have resulted in her designation as a vexatious litigant in the California Courts (Dkt. No. 14-1; Vexatious Litigant List, Administrative Office of the Courts of the State of California). Her opaque and prolix complaint is only "complex" by her own making, and does not contain legal issues meriting the appointment of counsel. Accordingly, her motion for appointment of counsel is **DENIED**.

Additionally, this order finds that dismissal of Daria's entire complaint is now appropriate.

Daria filed a similar complaint based on the same basic underlying allegations against the same defendants in 2015 before Magistrate Judge Donna Ryu *Haley Daria* v. *Kathleen Hurly, et al.*, Case No. 15-cv-00970 DMR. Judge Ryu first dismissed plaintiff's complaint, noting that it was "impossible to determine a clear basis for her claims as the amended complaint consists of incoherent statements about incidents, documents, and prior lawsuit(s) without any context or background. It is also impossible to determine what facts support each cause of action." *Id.* Dkt. No. 8 at 3. Plaintiff then amended her complaint, but it suffered from similar defects, and accordingly Judge Ryu dismissed the action. *Id.* Dkt. No. 12. Judge Ryu then revoked Daria's *in forma pauperis* status on appeal finding that there were no valid grounds for appeal, and the appeal was not taken in good faith. *Id.* Dkt. No. 16. Subsequently, plaintiff abandoned her appeal.

Daria now appears to attempt an end-run around the appeals process by filing a highly similar complaint in this Court. For the same reasons set forth in Judge Ryu's order dismissing plaintiff's action, this order finds that plaintiff has failed to state a claim upon which relief can be granted, and therefore her action is **DISMISSED**. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: November 6, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE