United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HALEY DARIA,

    Plaintiff,

  v.

SAPIENT, INC., ROBERT G. KLEIN,
RACHEL ADAMSKI, ROBIN DESHAYES,
RANCHO SAN ROQUE, INC., and
FREEDOM SPECIALTY INSURANCE
CORPORATION,

    Defendants.

No. C 17-05453 WHA

**ORDER GRANTING
MOTIONS TO DISMISS**

## INTRODUCTION

In this action, defendants move to dismiss the amended complaint for lack of subject-matter jurisdiction and failure to state a claim. For the reasons below, defendants' motions to dismiss for lack of subject-matter jurisdiction are **GRANTED**. This order does not reach defendants' motions to declare plaintiff a vexatious litigant but retains jurisdiction to do so if plaintiff's promise to refrain from filing further lawsuits is broken.

## STATEMENT

This case is part of a long-running saga of state and federal actions brought by *pro se* plaintiff Haley Daria (a non-lawyer) concerning her ownership interest in a company known as Web Associates, Inc. The saga dates back to 1999, when Daria filed an action in state court (through counsel) regarding her claimed interest in the company. Daria settled that dispute in

2000. As a result of the settlement Daria received a 0.67% ownership stake in Web Associates (Amd. Compl., Exh. A).

In 2007, Daria objected to a proposed merger of the company. In resolving her objections to the merger, Daria (no longer represented by counsel) executed a second settlement agreement through which she received additional shares in the company in exchange for a general release of claims (Amd. Compl. ¶¶ 7–8).

In 2010, Daria filed suit in state court, alleging wrongdoing in connection with her minority shareholder interest in Level Studios, Inc., the successor to Web Associates, and the 2007 merger. Although Daria filed the action *pro se*, she at times received limited guidance from counsel. In 2012, summary judgment was entered for the defendants. The California Court of Appeal later affirmed the ruling, agreeing that Daria's claims were barred either by the applicable statute of limitations or by the terms of the 2000 and 2007 settlement agreements. The superior court later awarded the defendants in that action $254,886 in attorney's fees (which award was also affirmed on appeal) (Dkt. Nos. 68-2–68-10, 95).

In 2013, Daria filed (and soon thereafter voluntarily dismissed) another *pro se* lawsuit against many of the same defendants and based on the same underlying facts. Defendants Rancho San Roque, Inc. and Robert Klein were among the defendants named in the 2013 action (Dkt. No. 68-12).

In 2015, Daria brought a federal action *pro se* in this district, again asserting claims based on her ownership in Web Associates, the 2000 and 2007 settlement agreements, and her earlier lawsuits. An order dismissed the complaint without leave to amend. After Daria appealed the dismissal, our court of appeals dismissed her appeal as frivolous (Dkt. Nos. 68-13–68-17).

Also in 2015, Daria returned to state court, again filing suit *pro se* based on claims stemming from her ownership in Web Associates. The state court granted the defendants' motion to have Daria declared a vexatious litigant pursuant to Section 391 of the California Code of Civil Procedure and the action was dismissed after Daria failed to post bond (Dkt. Nos. 68-19–68-24).

Daria filed the instant action in September 2017. The original complaint was dismissed *sua sponte* with leave to amend. Daria filed the amended complaint in December, which complaint is the operative pleading. Daria names the following defendants: Sapient, Inc. (successor to Level Studios), Robert Klein, Rachel Adamski (administrator of the estate of Thomas Adamski, Level 3's former CEO), Freedom Specialty Insurance Company, Robin De Shayes, and Rancho San Roque, Inc. Although her allegations are difficult to comprehend, Daria appears to again allege wrongdoing in connection with the 2000 and 2007 settlement agreements and with litigation conduct connected to the various state and federal actions described above. Defendants now move to dismiss. This order follows full briefing and oral argument (Dkt. Nos. 1, 16, 22, 40, 67–68, 70).

## ANALYSIS

### 1. JUDICIAL NOTICE.

Defendants request judicial notice of Exhibits 1–23 (Dkt. No. 69, 71). All of these exhibits are documents that have been publicly filed in state and federal court. A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Accordingly, defendants' requests for judicial notice are **GRANTED**.[1]

Daria also requests judicial notice of various court filings (Dkt. No. 81). Defendants have not opposed this request. For the same reasons stated above, Daria's request for judicial notice is **GRANTED**.

### 2. SUBJECT-MATTER JURISDICTION.

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal courts have original jurisdiction over claims that raise a federal

---

[1] Daria's objection to the declaration of attorney Amy C. Quartarolo on the grounds that Attorney Quartarolo was not an attorney of record in certain of Daria's past lawsuits is **OVERRULED** (Dkt. No. 79). Attorney Quartarolo need not have been an attorney of record to authenticate documents which are part of the public record.

3

question or where there is a matter in controversy exceeding $75,000 between citizens of different states. 28 U.S.C. §§ 1331, 1332(a). The burden of establishing jurisdiction falls on the party asserting it. *Kokkonen*, 511 U.S. at 377. Although the amended complaint does not state the basis for invoking federal jurisdiction, neither federal-question jurisdiction nor diversity jurisdiction is supported by the allegations in the operative complaint.

*First*, district courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citation omitted). Federal-question jurisdiction exits only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

In essence, the amended complaint challenges the 2000 and 2007 settlement agreements and litigation conduct connected to the various court proceedings in which Daria has challenged those agreements. Based on these allegations, Daria asserts claims for: (1) abuse of process/malicious prosecution, (2) promissory estoppel, (3) unjust enrichment, and (4) declaratory relief. Of these claims, only Daria's request for declaratory relief under the Declaratory Judgment Act invokes federal law. Such a claim, however, "does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Rather, Daria must plead "an independent basis for federal jurisdiction." *Ibid.* She has failed to do so here.

Although Daria makes vague references to various federal laws (including, for example, the Securities and Exchange Act of 1934 and 42 U.S.C. § 1983), her amended complaint (to the extent discernable) does not actually assert claims under these statutes. Regardless, Daria fails to plead sufficient facts to warrant giving any credence to an argument that she has stated a claim under these federal laws. That her claims tangentially relate to her ownership interest in a private company is insufficient to confer federal-question jurisdiction.

4

Daria relies on *Union Pacific Railroad Company v. Zimmer*, 87 Cal. App. 2d 524 (1948), to argue that the validity of her settlement agreements should be decided under federal law. In *Zimmer*, however, the appellate court held that the validity of a release from liability under the Federal Employers' Liability Act was governed by federal rather than state law. *Id.* at 528. Here, by contrast, rights and liabilities under the Federal Employers' Liability Act is not at issue. Daria's reliance on *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986), is also misplaced. There, our court of appeals held that a district court had authority to award damages resulting from a defendant's failure to comply with a consent judgment entered by that court, and did not involve the question of subject-matter jurisdiction.

*Second*, diversity jurisdiction must exist at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Daria fails to allege that she and the defendants are citizens of a state other than California. Accordingly, diversity jurisdiction cannot serve as the basis for subject-matter jurisdiction.

Defendants' motions to dismiss for lack of subject-matter jurisdiction are accordingly **GRANTED**. Because the district court lacks subject-matter jurisdiction over Daria's claims, this order does not reach the merits of Daria's complaint or the numerous other arguments for dismissal asserted by defendants, including that (1) Daria's claims are barred by *res judicata* and collateral estoppel, (2) Daria's claims are time-barred, (3) this action is an impermissible attack on state court judgments; and (4) the amended complaint fails to state a claim upon which relief can be granted (Dkt. Nos. 40, 67–68, 70).

Finally, at the hearing on defendants' motions, Daria represented to the Court that she would not file subsequent actions against defendants if her current complaint were dismissed. Based on this representation, this order does not reach defendants' additional motions to declare Daria a vexatious litigant (Dkt. Nos. 70, 72). These motions are accordingly **DENIED WITHOUT**

**PREJUDICE**. The Court, however, will retain jurisdiction to reach these motions if plaintiff breaks her promise and if the motions are renewed.[2]

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss for lack of subject-matter jurisdiction are **GRANTED**. Leave to amend is **DENIED** as futile. Defendants' motions to declare Haley Daria a vexatious litigant are **DENIED WITHOUT PREJUDICE**. The Clerk shall close the file except for the retention of jurisdiction noted above.

**IT IS SO ORDERED.**

Dated: March 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] In opposing defendants' motions Daria submitted multiple requests for an evidentiary hearing (Dkt. Nos. 74, 89, 90). This order finds that there is no need for an evidentiary hearing. Daria's requests are accordingly **DENIED**.