IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HALEY DARIA,

    Plaintiff,

v.

SAPIENT INC, *et al.*

    Defendants.

No. C 17-05453 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION AND VACATING JUDGMENT**

*Pro se* plaintiff Haley Daria moves for reconsideration of an order dismissing this action for lack of subject-matter jurisdiction. Plaintiff also moves to set aside the judgment entered in favor of defendants. The background of this action is found in prior orders (*see, e.g.*, Dkt. Nos. 16, 96). In brief, this case is part of a long-running saga of state and federal actions brought by plaintiff concerning her ownership interest in a company known as Web Associates, Inc. Plaintiff filed the amended complaint in December 2017, after an order dismissed the original complaint *sua sponte*. Although difficult to comprehend, the amended complaint appeared to challenge two settlement agreements by her and litigation conduct connected to various court proceedings in which plaintiff challenged those agreements.

The amended complaint asserted claims for: (1) abuse of process/malicious prosecution, (2) promissory estoppel, (3) unjust enrichment, and (4) declaratory relief. An order dated March 16, 2018, concluded that although the amended complaint made vague references to various federal laws (including, for example, the Securities and Exchange Act of 1934 and 42 U.S.C. § 1983), it did not actually assert claims under those statutes. The March 16 order

further found that the allegations in the amended complaint did not support diversity jurisdiction and accordingly granted defendants' motions to dismiss for lack of subject-matter jurisdiction. The Court did not reach defendants' motions to declare plaintiff a vexatious litigant. Judgment was entered in favor of defendants on March 23 (Dkt. Nos. 22, 96, 98).

Plaintiff now seeks leave to file a motion for reconsideration of the March 16 order and for relief from the March 23 judgment. In this district, Civil Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made prior to the entry of final judgment. Plaintiff's post-judgment motion for reconsideration is therefore construed as a motion for relief from the March 16 order and the March 23 judgment under FRCP 60(b).

FRCP 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. FRCP 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Although difficult to understand, plaintiff appears to set forth five primary arguments as to why the March 16 order and March 23 judgment should be set aside.

*First*, plaintiff argues that the Court improperly took judicial notice of and relied upon falsified documents — various filings from state and federal court proceedings — submitted in connection with defendants' motions to dismiss. Plaintiff further argues that the March 16 order improperly considered these materials without converting defendants' FRCP 12(b)(6) motions into motions for summary judgment. These contentions are incorrect. Although the March 16 order granted defendants' requests for judicial notice in connection with defendants' motions to dismiss and to declare plaintiff a vexatious litigant, the dismissal order did not rely on the submitted documents in dismissing the complaint.

*Second*, plaintiff argues that federal-question jurisdiction existed because "S.E.C. act 10b violations were extensively delineated throughout the record." As the March 16 order explained, the amended complaint made references to the Exchange Act but did not actually assert claims under that statute. The authorities in plaintiff's motion for reconsideration support

this conclusion. In *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1568 (2016), the Supreme Court disagreed that federal jurisdiction would be proper where a complaint asserted "a simple state-law action for breach of contract, in which the plaintiff alleges, for atmospheric reasons, that the defendant's conduct also violated the Exchange Act — or still less, that the defendant is a bad actor who infringed that statute on another occasion." The Supreme Court went on to explain that such a suit would be "'brought to enforce' state contract law, not the Exchange Act — because the plaintiff can get all the relief he seeks just by showing the breach of an agreement, without proving any violation of federal securities law." So too here.

*Third*, plaintiff argues that federal-question jurisdiction is proper pursuant to the Contract Clause of the Constitution, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Constitution, art. I, § 10. Plaintiff fails to point to where in the amended complaint she asserted such a claim or against which defendant. Again, the March 16 order concluded that although the amended complaint made vague references to 42 U.S.C. § 1983, it did not actually assert a claim under that statute. Plaintiff fails to identify any new basis or facts that would warrant reconsideration of this conclusion.

*Fourth*, plaintiff claims that diversity jurisdiction existed because "World Wide Web Associates LLC" had members who are citizens of Utah. Notably, however, "World Wide Web Associates LLC" is not a party to this action, and plaintiff fails to explain its relevance to the instant motion. Plaintiff's remaining arguments concerning the March 16 order similarly lack merit.

*Fifth*, plaintiff argues that the March 23 judgment is void if the Court lacks subject-matter jurisdiction. A final judgment is "void" for purposes of FRCP 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). This order accordingly agrees that judgment was incorrectly entered in favor of defendants given the Court's lack of subject-matter jurisdiction. The March 23 judgment is accordingly **VACATED**. For the reasons

discussed above, however, plaintiff's motion for relief from the March 16 dismissal order is **DENIED**.

Plaintiff's request for judicial notice is **DENIED**. Plaintiff's various requests for an *in camera* inspection of documents and an evidentiary hearing are also **DENIED**. Pursuant to Civ. L.R. 7-1(b), this order finds plaintiff's motions suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for July 5. No further filings will be entertained in this closed action.

**IT IS SO ORDERED.**

Dated: June 25, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE